IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| S.R., a minor, by and through her parents and next friends, Shannon and Rebecca Reheard,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>HILLDALE INDEPENDENT SCHOOL DISTRICT NO. I-29 OF MUSKOGEE COUNTY, OKLAHOMA a/k/a HILLDALE PUBLIC SCHOOLS; and the HILLDALE PUBLIC SCHOOLS SCHOOL BOARD; and BRIAN GIACOMO,<br><br>　　　　　　Defendants. | Case No. CIV-07-335-RAW |

## ORDER

Before the Court is the motion of the defendants Hilldale Independent School District a/k/a Hilldale Public Schools and the Hilldale Public Schools School Board[1] (the School District) for summary judgment. This case centers on the conduct of defendant Brian Giacomo (Giacomo), who was employed by the School District as a music teacher during the pertinent time period.

Plaintiff alleges that from on or about August, 2006 through November, 2006, she was subjected to sexual harassment, advances and sexual molestation by Giacomo. Plaintiff was fifteen years old at the time. Plaintiff brings federal claims against the School District and

---

[1] The School District asserts in a footnote that "the school board is not an entity capable of being sued", (Brief at 1 n.1), but has not expressly requested dismissal of the school board as a named defendant.

Giacomo pursuant to both Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681-1688, and 42 U.S.C. §1983. She also asserts state tort claims.

The standard for granting summary judgment is set forth in Rule 56(c) F.R.Cv.P. The court must view the record and make reasonable inferences in the light most favorable to the nonmoving party. *Mickelson v. New York Life Ins. Co.,* 460 F.3d 1304, 1310 (10th Cir.2006). The nonmovant, however, must still identify sufficient evidence requiring submission to the jury to survive summary judgment. *Piercy v. Maketa,* 480 F.3d 1192, 1197 (10th Cir.2007).

Title IX provides in pertinent part that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. §1681(a). Title IX encompasses sexual harassment of a student by a teacher and is enforceable through an implied private right of action for damages against a school district. *Franklin v. Gwinnett County Pub. Sch.,* 503 U.S. 60, 75-76 (1992).

Damages may not be recovered under Title IX, however, for the sexual harassment of a student by one of the district's teachers unless an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct. *Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 290 (1998). *See also Bostic v. Smyrna Sch. Dist.,* 418 F.3d 355, 360 (3d Cir.2005).

To proceed on such a claim, a plaintiff must establish a prima facie case by showing that: (1) she was subjected to quid pro quo sexual harassment or a sexually hostile environment; (2)

she provided actual notice of the situation to an "appropriate person"; and (3) the institution's response to the harassment amounted to deliberate indifference. *See Morse v. Regents of the Univ. of Colo.,* 154 F.3d 1127-28 (10th Cir.1998)[2].

The evidence indicates that plaintiff and Giacomo had their "first kiss" in the school bus barn in August, 2006. (Defendants' Undisputed Fact No. 20). Thereafter, the relationship developed into some kind of inappropriate sexual contact at least once a week. (Giacomo deposition at 21-25 ). This contact consisting of kissing and rubbing and holding hands. (*Id.* at 56, ll.2-4). The two did not have sexual intercourse. (*Id.* at 55, ll.22-24). *See also* Defendants' Undisputed Fact No.21.

On the evening of November 8, 2006 and the next day, plaintiff's parents learned of a number of computer messages between plaintiff and Giacomo indicating an inappropriate relationship. On November 9, 2006, plaintiff's parents met with the principal of Hilldale High School, Dewayne Pemberton, and the assistant principal, Darren Riddle. (Defendants' Undisputed Fact No.32). Thereafter, Pemberton called D.B. Merrill, the Superintendent of the Hilldale School District, who authorized Pemberton to suspend Giacomo immediately. Giacomo resigned on November 10, 2006. On March 3, 2008, Giacomo entered guilty pleas in state court to various charges arising out of his conduct.

---

[2]*Morse* was a review of the granting of a motion to dismiss. The Sixth Circuit, however, has used the same factors in a summary judgment context. *See Klemencic v. Ohio State Univ.,* 263 F.3d 504, 510 (6th Cir.2001).

Plaintiff contends that the School District had actual knowledge about Giacomo in April or May of 2006, based upon Giacomo's conduct toward J.M., another Hilldale student[3]. The purported notice involves a statement made by M.P. (the boyfriend of the plaintiff in the case at bar) to assistant principal Riddle that J.M. had been in Giacomo's hotel room on a band trip to St. Louis in April, 2006 and that Giacomo was a "pedophile".

The School District contends in the alternative. First, it asserts that Riddle was not an "appropriate person" because under Oklahoma law neither a principal nor an assistant principal can recommend a teacher for dismissal or suspend a teacher, citing 70 O.S. §§ 6-101.25 and 6-101.29. The School District relies upon *Baynard v. Malone*, 268 F.3d 228 (4th Cir.2001), in which the court held that a principal did not possess (under Virginia law) the power to fire or suspend a teacher and thus was not a proper "proxy of the school district". *Id.* at 239.

This court is more persuaded by the conclusion in *Warren v. Reading Sch. Dist.,* 278 F.3d 163, 171 (3d Cir.2002) that "a school principal who is entrusted with the responsibility and authority normally associated with that position will ordinarily be 'an appropriate person' under Title IX." *Cf. Murrell v. School Dist. No 1, Denver, Colo.,* 186 F.3d 1238, 1247 (10th Cir.1999)(finding it a "fact-based inquiry" in the context of student-on-student harassment). The principal problem (no pun intended) this court has with the defendants' position is that it rewards inaction on the principal's part. A student or parent would be most likely to bring a complaint to the school principal. Under the defendants' reasoning, the principal need only

---

[3] J.M. has brought a separate civil action against the Hilldale School District and Giacomo in the United States District Court for the Eastern District of Oklahoma, CIV-07-367-JHP.

keep the complaint to himself, i.e., not pass it on to the superintendent or school board, and an "appropriate person" has thus never been notified. The court declines to approve such potential self-immunization from Title IX liability[4].

Next, defendants contend that (even assuming a principal or assistant principal is an "appropriate person") no "actual notice" was provided to such person. An educational institution has "actual notice" if an appropriate person at the institution has knowledge of facts sufficiently indicating substantial danger to a student so that the institution can reasonably be said to be aware of the danger. *See Bostic,* 418 F.3d at 361. *See also* 3C Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice & Instructions – Civil,* §177.36 (5th Ed. 2001 & 2007 Pocket Part).

The court finds that, viewing the evidence in the light most favorable to plaintiff, a reasonable jury could find actual notice was provided to an appropriate person. First, plaintiff places reliance upon M.P.'s (plaintiff's boyfriend) statement to Riddle that J.M. was in Giacomo's hotel room during the St. Louis band trip. It not perfectly clear, but M.P. may also have stated that inappropriate conduct between J.M. and Giacomo was seen at the time. To the extent the report merely related J.M.'s presence in the room, the court agrees with defendants that "[a] student's decision to 'hang out' in a teacher's room is not indicative of a substantial risk that the teacher and student are engaged in a sexual relationship." (Brief at 19).

---

[4]An appropriate person is, at a minimum, an official of the recipient entity with authority to take corrective action to end the discrimination. *Gebser*, 524 U.S. at 290. This court is not prepared to hold as a matter of law that "corrective action" may not encompass a principal passing on a parent's complaint to the school superintendent.

Additionally, however, after J.M. had received an award from Giacomo as one of the most improved band students, M.P. called J.M. a slut and said the only reason she received the award was because of her pedophile boyfriend. Giacomo told assistant principle Riddle what M.P. had said to J.M. Riddle met with Giacomo and M.P. and Riddle admonished M.P. not to be spreading rumors. (Defendants' Undisputed Facts Nos. 12 & 13)[5]. M.P. told Riddle, in either that meeting or a second meeting, that Giacomo was a "pedophile" and that Giacomo had been alone in his hotel room with a student. Leaving aside for the moment that Riddle had reason to question M.P.'s credibility and motivation, a reasonable jury could find that the content of M.P. statements constituted actual notice to the School District of a substantial risk that Giacomo was committing or would commit sexual abuse.

The Tenth Circuit has noted, without resolving, the disagreement over whether notice may consist of prior complaints or must consist of notice regarding the current harassment. *See Escue v. Norther OK College,* 450 F.3d 1146, 1153-54 (10th Cir.2006). *See also Rost ex. rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.,* 511 F.3d 1114, 1119 (10th Cir.2008). Here, M.P.'s statements did not refer to any current relationship between Giacomo and S.R., but the use of the word "pedophile," if taken literally and believed by Riddle, creates a jury question on the issue in this court's view. A pedophile teacher would obviously be a continuing threat to students – the issue of prior complaint merges into the issue of current (or future) harassment.

---

[5]Plaintiff objects to the word "admonished" and contends Riddle became "infuriated". (Plaintiff's response at 3, ¶13). This dispute does not affect the court's analysis.

Finally, defendants argue there is not a genuine issue of material fact as to whether they demonstrated deliberate indifference after receiving actual notice. Deliberate indifference is a "stringent standard of fault." *Board of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 410 (1997). "A showing of simple or even heightened negligence will not suffice" to establish deliberate indifference. *Id.* at 407. Rather, a defendant is deliberately indifferent only if he acts with "conscious disregard" for a plaintiff's rights. *Id.* Such conscious disregard exists only if either (1) the defendant actually knows that is actions will violate the plaintiff's rights or (2) such a violation is the "plainly obvious consequence" of the defendant's actions. *Id.* at 410.

In examining this standard in the context of Title IX, the court must examine the adequacy of the response in light of the seriousness and <u>credibility</u> of the complaint that puts school officials on notice. *Gordon v. Ottumwa Cmty. Sch. Dist.,* 115 F.Supp.2d 1077, 1082-83 (S.D.Iowa 2000). Here, Riddle told Giacomo after the meeting that he did not believe M.P.[6] While in some circumstances, weighing the propriety of such a credibility determination might present a jury question, the court finds this is not such a case[7]. The focus of this case is not J.M., but S.R. The present record reflects that Riddle evidently had a sound reason for his determination: at one point, M.P. himself told Riddle that M.P. was lying about Giacomo and J.M. having engaged in inappropriate conduct. (*See* Riddle deposition at 14, ll.18-19 & at 36

---

[6]Plaintiff seeks to contradict this evidence solely by Giacomo's affidavit, a document to be discussed later.

[7]The Supreme Court has held that, in an appropriate case, a district court could find that a school district's response was not "clearly unreasonable" as a matter of law. *Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 649 (1999).

l.18)(Plaintiff's Exhibit 8). With the "witness" admittedly lying about his report of specific conduct, his use of the epithet "pedophile" was also robbed of credibility, and this court finds the School District did not demonstrate deliberate indifference in its conduct regarding S.R. and Giacomo[8]. Summary judgment is appropriate as to the Title IX claim[9].        Turning to the claim under 42 U.S.C. §1983, defendants first argue (for the sake of the record) that Title IX preempts a constitutionally-based §1983 claim. Defendants acknowledge that the Tenth Circuit ruled to the contrary in *Seamons v. Snow,* 84 F.3d 1226, 1233-34 (10th Cir.1996) and that this court is bound by such authority.

Next, defendants argue that a teacher cannot be a "policymaker" of the School District for purposes of §1983 liability. The court agrees. The identity of final policymakers whose conduct can create liability is a question of state law. *Milligan-Hitt v. Bd. of Trustees of Sheridan County School Dist.,* 2008 WL 1795068 (10th Cir.). In *Rivera v. Houston Independent School Dist.,* 349 F.3d 244 (5th Cir.2003), the court held that while under Texas law a teacher

---

[8]This court is making no finding (nor properly could it) regarding the School District's alleged deliberate indifference as it relates to J.M. and Giacomo.

[9]As noted earlier, plaintiff also seeks to raise factual issues regarding notice by the use of an affidavit executed by Giacomo. Defendants ask the court to disregard the affidavit, as it constitutes an attempt to create a sham fact issue. *See Burns v. Bd. of County Comm'rs of Jackson County, Kan.*, 330 F.3d 1275, 1282 (10th Cir.2003). This court finds that it does constitute such an attempt, employing the factors set forth in *Burns.* The usual finding of a sham issue is when a later affidavit contradicts the earlier deposition. Here, the affidavit was earlier. The defendants argue the same rule should apply and the court agrees. *See Loney v. Miles,* 2000 WL 530319 (4th Cir.)("Watson's deposition repudiated his earlier affidavits to such a degree that the earlier statements should be disregarded.") ; *see also Meza v. CSK Auto,* 2005 WL 1958389 n.16 (W.D.Tex.)("the policy underlying a court's issuance of a summary judgment is equally strong in a situation such as in the instant case where a party later contradicts in a deposition an assertion from an earlier affidavit."). Finally, coupled with the foregoing, the court also disregards the affidavit as conclusory, as not based on personal knowledge, and as one executed by a convicted felon.

might have "decision-making authority", a teacher did not have "the policymaking authority required to sustain liability under §1983." *Id.* at 248. This court sees nothing under Oklahoma law to the contrary. *See also Curtis v. Oklahoma City Public Schools Bd. of Educ.,* 147 F.3d 1200, 1216 (10th Cir.1998)(Board of Education is the final policy-making authority under Oklahoma law). Summary judgment is granted as to plaintiff's §1983 claim against the School District as well[10].

Defendant Giacomo has not moved for summary judgment. As to one claim, however, the court will nevertheless rule as a matter of law. If the plaintiff intended to assert the Title IX claim against him, it is also dismissed. Because school officials are not funding recipients under Title IX, school officials may not be sued in their individual capacities under Title IX. *Smith v. Allen,* 502 F.3d 1255, 1273-74 (11th Cir.2007).

The claim against Giacomo pursuant to 42 U.S.C. §1983 remains pending. Generally, a student is considered to have a constitutional liberty interest in her own bodily integrity, such that when a state actor (such as a public school teacher, violates that bodily integrity, a claim under the Fourteenth Amendment arises. *See Hackett v. Fulton Co. Sch. Dist.,* 238 F.Supp.2d 1330, 1353 (N.D.Ga.2002). *See also Gebser,* 524 U.S. at 292 ("Our decision [regarding Title IX] does not affect any right of recovery that an individual may have against a school district as a matter of state law or against the teacher in his individual capacity under state law or under 42 U.S.C. §1983."); *Seamons,* 84 F.3d at 1234 n.8.

---

[10]Plaintiff has also failed to show that any "official" policy instituted by Giacomo (as opposed to his own conduct) was the "moving force" behind any constitutional violation. *See Rivera,* 349 F.3d at 247.

Accordingly, all federal claims have been dismissed against the School District while one federal claim remains pending against Giacomo. The court has examined the issue of supplemental jurisdiction in regard to the state-law claims against the School District and concludes they will be retained. One treatise states: "If a defendant faces only state claims, the court must exercise its supplemental jurisdiction over those claims as long as claims remain against other defendants for which original jurisdiction is present." 16 Moore's Federal Practice, §106.66[1] at 106-89 (2007)(footnote omitted). *See also Gudenkauf v. Stauffer Communications, Inc.,* 896 F.Supp.1082, 1084 (D.Kan.1995).

Plaintiff correctly notes that defendant's brief in support of its motion for summary judgment devotes only a paragraph to the state-law claims. Plaintiff requested – and received – permission to file a surreply brief as to these claims. The court is persuaded plaintiff is not prejudiced by the present state of the record in this regard. Indeed, the Tenth Circuit has upheld the granting of summary judgment sua sponte, so long as sufficient notice was provided. *See Ward v. Utah,* 398 F.3d 1239, 1245-46 (10th Cir.2005).

The court agrees with defendant School District that summary judgment is appropriate as to the state-law claims as well. Giacomo's actions were (by his own admission) intentional acts. As such, these actions were outside the scope of his employment. Accordingly, the School District is not liable under Oklahoma law. *See* 51 O.S. §§152 & 153. *See also Parker v. City of Midwest City,* 850 P.2d 1065, 1068 (Okla.1993); *N.H. v. Presbyterian Church,* 998 P.2d 592, 599-600 (Okla.1999). To the extent plaintiff's claims sound in negligence (negligent hiring or failure to supervise, for example) the court is persuaded by the reasoning in *Hull v.*

*Wellston Indep. Sch. Dist.,* 46 P.3d 180 (Okla.Civ.App.2001), that this constitutes an inappropriate attempt to recast a claim (for which the governmental entity is immune) in terms of negligence. *Id.* at 185. Summary judgment is appropriate.

It is the Order of the Court that the School District's motion for summary judgment (#52) is hereby GRANTED as to all claims. Regarding defendant Giacomo, plaintiff's claim pursuant to 42 U.S.C. §1983 and plaintiff's state-law claims remain pending. School District's Motions #51 and #66 are deemed moot as School District is no longer a defendant. Plaintiff's Objection #41 is deemed moot for the same reason. Plaintiff's Motions ##60, 61, 62, 63, 64, and 65 are DENIED as stated at the pretrial conference.

**ORDERED THIS 23rd DAY OF MAY, 2008.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**