IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

S.R., a minor, by and through )
her parents and next friends, )
SHANNON and REBECCA REHEARD, )
                              )
            Plaintiff,        )
                              )
v.                            )   Case No. CIV-07-335-KEW
                              )
HILLDALE INDEPENDENT SCHOOL   )
DISTRICT NO. I-29 OF MUSKOGEE )
COUNTY, OKLAHOMA a/k/a        )
HILLDALE PUBLIC SCHOOLS;      )
the HILLDALE PUBLIC SCHOOLS   )
SCHOOL BOARD; and             )
BRIAN GIACOMO,                )
                              )
            Defendants.       )

## OPINION AND ORDER

This matter comes before the Court on the Joint Motion for Certification filed by Plaintiff and Defendant Giacomo on May 29, 2008 (Docket Entry #107). The Hilldale Defendants, all of which have been granted summary judgment in this case, filed an objection to the Joint Motion.

Plaintiff initiated this action, alleging violations of Title IX, 42 U.S.C. § 1983, and various state laws by virtue of the alleged actions of Defendant Brian Giacomo ("Giacomo") upon the minor Plaintiff, S.R. while employed by Hilldale as a band director. By Order entered May 23, 2008, United States District Judge Ronald A. White granted summary judgment to the Hilldale Defendants, leaving Giacomo as the sole Defendant for trial. After the entry of that Order, the parties executed a consent to proceed

before the undersigned for the remainder of the case, including any jury trial. In the interim, Plaintiff and Giacomo filed the subject Joint Motion.

The parties request that this Court certify Judge White's order for interlocutory appeal. To do so, this Court must find (1) the order at issue is not otherwise appealable; (2) the order involves a "controlling question of law"; (3) with regard to which there is a substantial ground for difference of opinion; and (4) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

Clearly, the first element is met since Judge White's order would not be appealable absent certification by this Court. The second element is somewhat more problematic. Plaintiff and Giacomo contend the question of law which justifies an interlocutory appeal is whether Judge White should have assessed the credibility of the student who allegedly reported Giacomo's improper behavior to the administration at Hilldale in granting summary judgment on Plaintiff's Title IX claim.[1] It is apparent from a review of the order that Plaintiff misapprehends Judge White's reasoning. In fact, Judge White did not make such a factual finding in his order but rather considered whether the actions of Hilldale, through the assistant principal at the school, Darren Riddle were reasonable in

---

1 The student who originally reported the allegedly inappropriate contact between S.R. and Giacomo is referred to as "M.P." in the May 23, 2008 order. He was never a party to this litigation.

light of the credibility determination made by Riddle of the reporting student's statements. Judge White concluded that "[t]hat the present record reflects that Riddle evidently had a sound reason for his determination: at one point, M.P. himself told Riddle that M.P. was lying about Giacomo and J.M. having engaged in inappropriate conduct." See, Order of May 23, 2008 at p. 7. Consequently, the "controlling question of law" identified by Plaintiff for interlocutory appeal is, in fact, not a question of law in the case at all. The remaining factors required for certification of an interlocutory appeal are not pertinent once the second element is found deficient.

Moreover, this Court is in agreement with Hilldale's response that taking the interlocutory appeal avenue inappropriately narrows the issue for consideration by the appellate court in a case where all claims have been addressed as against one party to the litigation.[2] Section 1292(b) applies to orders that are truly interlocutory in nature; that is, "order[s] not otherwise appealable." Certification of such orders does not entail orders which would otherwise be final orders but for the pendency of other claims or parties. The latter orders should be subject to the

---

[2] This Court is aware that Plaintiff and Giacomo are of the opinion that Hilldale has no standing to oppose the request for interlocutory appeal certification. However, this Court disagrees. Both the scope and timing of the appeal of the order granting summary judgment to Hilldale are affected by this Court's determination on the Joint Motion. While Hilldale lacks standing to assert a position with regard to the progression of this litigation against the remaining Defendant, it does enjoy standing to have its views considered on the appeal.

3

provisions of Fed.R.Civ. P. 54(b). <u>Lusk v. Ryder Integrated Logistics</u>, 238 F.3d 1237, 1238 n.1 (10th Cir. 2001). Consequently, this Court concludes that not only have the parties remaining in this action failed to demonstrate the required elements for certification of an interlocutory appeal, but that the certification process is inappropriate in this case.

This determination would normally put an end to the matter and this Court would proceed to a jury trial of the claims by Plaintiff against Giacomo. However, Hilldale has suggested that Rule 54(b) is the appropriate method for Plaintiff to proceed to appeal Judge White's decision and Giacomo has adopted that approach in his reply. Rule 54(b) allows for a court to enter a final judgment as to less than all of the parties or claims upon a determination that "there is no just reason for delay." The purpose of Rule 54(b) "is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." <u>Oklahoma Turnpike Auth. v. Bruner</u>, 259 F.3d 1236, 1241(10th Cir. 2001)(citation omitted). Rule 54(b) relief is not granted routinely. <u>Id</u>. at 1242.

In order to enter a Rule 54(b) judgment, this Court must determine (1) that the order to be certified is a final order; and (2) that there is no just reason to delay review of the final order until all claims against all parties have been conclusively ruled

4

upon. Id. Clearly, Judge White's order disposing of all claims against Hilldale constitutes a final judgment. Hilldale would not participate in the trial of the claims against Giacomo as a result of the May 23, 2008 order.

This Court also finds no justification for delaying the entry of a judgment to permit Plaintiff to appeal the issues presented in the order dismissing Hilldale. For all practical purposes, the jury trial of the claims against Giacomo is an act of certain futility. Giacomo has pled guilty to charges stemming from his actions alleged in this case and another case still pending in this District against another student. He will soon begin serving a lengthy prison sentence with little chance that Plaintiff will ever obtain a monetary recovery from him. The real source for any recovery for Plaintiff was Hilldale and, therefore, proceeding to appeal that Defendant's dismissal from this action is both prudent and just.

Moreover, this Court is mindful of the consequences to the minor Plaintiff in this case if a Rule 54(b) judgment were not to issue. It is entirely conceivable S.R. and the plaintiff in a separate but similar action, J.M., would be forced to testify in four different jury trials as to circumstances of their claims. Such a needless intrusion upon these minors' psyche and emotional state can and should be avoided if at all possible. Permitting judgment to be entered and a stay of the jury trial of the claims

against Giacomo would minimize this intrusion, conserve judicial and the litigants' resources, and promote efficiency. As a result, this Court will grant a Rule 54(b) judgment and stay this case so that an appeal may be taken of the May 23, 2008 order.

IT IS THEREFORE ORDERED that the Joint Motion for Certification filed by Plaintiff and Defendant Giacomo on May 29, 2008 (Docket Entry #107) is hereby **DENIED**. However, a separate final judgment of the claims against Hilldale will be entered.

IT IS FURTHER ORDERED that the remainder of this case is hereby **STAYED**, pending a determination of the forthcoming appeal of the judgment. Should no timely appeal be filed, this Court will set an additional Pretrial Conference and the jury trial of Plaintiff's claims against Giacomo shall proceed. Pending either of these events, the jury trial of this case currently set for June 10, 2008 is hereby **STRICKEN**.

IT IS SO ORDERED this 6th day of June, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

6