IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

S.R., a minor, by and through )
her parents and next friends, )
SHANNON and REBECCA REHEARD, )
            )
    Plaintiff,      )
            )
v.             )  Case No. CIV-07-335-KEW
            )
HILLDALE INDEPENDENT SCHOOL   )
DISTRICT NO. I-29 OF MUSKOGEE  )
COUNTY, OKLAHOMA a/k/a      )
HILLDALE PUBLIC SCHOOLS;     )
the HILLDALE PUBLIC SCHOOLS    )
SCHOOL BOARD; and         )
BRIAN GIACOMO,          )
            )
    Defendants.    )

## OPINION AND ORDER

This matter comes before the Court for consideration of Defendants Independent School District No. I-29 of Muskogee County, Oklahoma, a/k/a Hilldale Public Schools and the Hilldale Public Schools School Board's Notice of District Judge Option and Motion to Reassign filed August 20, 2008 (Docket Entry #136). Neither Plaintiffs nor Defendant Brian Giacomo responded to the Motion.

This action was initiated by Plaintiffs on October 11, 2007 and assigned to the undersigned United States Magistrate Judge in accordance with the random assignment procedures employed in this District. On November 9, 2007, Defendants Independent School District No. I-29 of Muskogee County, Oklahoma, a/k/a Hilldale Public Schools and the Hilldale Public Schools School Board (the "Hilldale Defendants") requested that the case be reassigned to a

United States District Judge. The case was thereafter assigned to Judge Ronald A. White. On May 23, 2008, Judge White granted the Hilldale Defendants' Motion for Summary Judgment, thereby dismissing the claims against those Defendants.

On May 29, 2008, Plaintiffs and Defendant Giacomo consented to proceed before a United States Magistrate Judge. The case was reassigned to the undersigned on the Order of Judge White. This Court then stayed the case and certified the judgment resulting from Judge White's Order granting the Hilldale Defendants summary judgment to the Tenth Circuit Court of Appeals.

On August 8, 2008, Plaintiffs filed a motion seeking relief from Judge White's Order, to reopen discovery in the case, and to file a new response to the Hilldale Defendants' original motion for summary judgment. Plaintiffs' motion is ostensibly based upon the discovery of new evidence which would have a bearing upon the decision represented in Judge White's Order.

The Hilldale Defendants now contend this case should be reassigned back to Judge White because they do not consent to a United States Magistrate Judge exercising jurisdiction over this case. Certainly, this Court cannot preside over this case unless all of the parties consent to proceed before a Magistrate Judge. 28 U.S.C. § 636(c)(1). Since the relief requested could necessarily entail the vacating of Judge White's grant of summary judgment and the re-institution of this action against the Hilldale

Defendants, the consent of the Hilldale Defendants is required for this Court to even consider Plaintiffs' pending motion. Whether the motion filed by Plaintiffs is considered dispositive or non-dispositive, it would be inappropriate for this Court to act upon the motion without the consent of all parties or the involvement of the district court. See, Phillips v. Beierwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006).

IT IS THEREFORE ORDERED that Defendants' Motion to Reassign filed August 20, 2008 (Docket Entry #136) is **GRANTED**. Accordingly, the Clerk is directed to reassign this case to Judge White for further disposition.

IT IS SO ORDERED this 3rd day of October, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE